## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

PHYLLIS H. ELLIS,           :
                                :

          Plaintiff         :
                                :

      VS.                 :
                                :     3 : 09-CV-96 (CDL)

MICHAEL J. ASTRUE,       :
Commissioner of Social Security, :

                                :

         Defendant.      :

---

## RECOMMENDATION

The plaintiff herein filed this Social Security appeal on July 30, 2009, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the

[Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

## ISSUES

**I.  Whether the ALJ erred in failing to consider the combined effects of the plaintiff's impairments.**

**II.  Whether the ALJ failed to properly consider the plaintiff's subjective complaints.**

**III.  Whether the Appeals Council erred in failing to review and remand for new evidence.**

### *Administrative Proceedings*

The plaintiff filed applications for disability benefits and Supplemental Security Income on June 27, 2005.  (T-52, 57).  Her claims were denied initially and upon reconsideration.  (T-205-214).  A hearing was held before an ALJ in Athens, Georgia on October 7, 2008.  (T-321-343).  Thereafter, in a hearing decision dated October 31, 2008, the ALJ determined that the plaintiff was not disabled.  (T-14-19A).  The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner.  (T-3-6).

### *Statement of Facts and Evidence*

The plaintiff was fifty-four (54) years of age at the time of the ALJ's decision, and fifty-one (51) years of age on the alleged onset of disability date, March 30, 2005.  (T-19).  She has a tenth grade education and past relevant work experience as a cook.  (T-59, 64).  As determined by the ALJ, Plaintiff suffers from severe impairments in the form of hypertension, diabetes mellitus and obesity.  (T-16).  The ALJ found that the plaintiff did not have an impairment or combination thereof that met or medically

equaled a listed impairment, and further, remained capable of performing medium work activity and returning to her past relevant work as a cook.  (T-17-19).  The ALJ relied on the testimony of a Vocational Expert as well as the Medical-Vocational Guidelines to determine that she was not disabled.  (T-19).

## DISCUSSION

### I.  Did the ALJ err in failing to consider the combined effects of the plaintiff's impairments?

The plaintiff alleges initially that the ALJ erred in assessing the combined effect of her impairments, failing to include her back pain, muscle and joint pain and parasthesias and dysesthesia as components of her impairments.  "Where a claimant has alleged several impairments, the Secretary has a duty to consider the impairments in combination and to determine whether the combined impairments render the claimant disabled."  *Jones v. Dep't. Of Health and Human Serv.*, 941 F.2d 1529, 1533 (11th Cir. 1991).  However, the ALJ stated that the plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments".  (T - 17).  This evidences consideration by the ALJ of the combined effect of the claimant's alleged impairments.  *See Jones*, 941 F.2d at 1533.

Moreover, as argued by the Commissioner, the plaintiff has failed to establish that any of the symptoms to which she points cause additional limitations in her physical abilities to perform work activities.  The burden to establish her residual functional capacity and the extent of functional limitations lies with the plaintiff.  *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004).

### II.  Did the ALJ fail to properly consider the plaintiff's subjective complaints?

The plaintiff also argues that the ALJ failed to properly consider her subjective complaints.  If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical

3

evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992); *Hand v. Heckler*, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled. However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

Herein, the ALJ determined that:

> [t]he claimant reported elsewhere in the record that she is able to fix simple meals, clean up, watch television, take her walk, shop for groceries and go to church every Sunday. At the hearing the claimant testified to a much reduced level of activities of daily living to include not much more than watching television. There is nothing in the record to account for such a decrease in her activities. The claimant also testified to confusion and loss of balance as side effects of her medication, but records indicate she never reported these side effects to her treating physician whose notes repeatedly read, "current medication use: no side effects." The claimant has been mostly compliant with treatment recommendations and as a result, her hypertension and diabetes have come under good control.
>
> In addition to the general lack of objective medical evidence to support the extent of the claimant's subjective complaints, there are other considerations

4

that detract from the claimant's overall credibility . . . [including] progress notes from . . . the claimant's treating source repeatedly note no side effects from the claimant's medication and either no or mild impact of the disease on the claimant's functioning.   This is obviously inconsistent with the claimant's allegations to this agency, as she alleges a complete inability to work secondary to her impairments. . . After considering the evidence of record, the undersigned [ALJ] has determined that the claimant's medically determinable impairments could reasonably be expected to produce some symptoms, but that the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible. Considering the criteria enumerated in the Regulations, Rulings and case law for evaluating the claimant's subjective complaints, the claimant's allegations are not persuasive to establish an inability to perform the range of work assessed herein.

(T - 18).

Thus, the ALJ adequately considered the plaintiff's subjective accounts of pain and physical limitation, and did so pursuant to the governing rulings and regulations, specifically Social Security Ruling 96-7p.   The ALJ also provided adequate and specific reasons for discrediting her subjective accounts, pointing to plaintiff's daily activities, the discrepancies between her testimony and prior reports and conflicts between her reports to treating sources and her testimony before the ALJ.

**III.   Did the Appeals Council err in failing to review and remand for new evidence?**

Finally, the plaintiff argues that the Appeals Council erred in failing to review and remand her case on the basis of new and material evidence.   In *Ingram v. Comm'r. of Social Security Admin.*, 496 F.3d 1253 (11th Cir. 2007), the Eleventh Circuit sought to clarify certain prior holdings in Social Security cases that addressed the consideration of new evidence.   The court found that "we understand *Keeton [v. Dep't. of Health and Human Serv.*, 21 F.3d 1064 (11th Cir. 1994)] to hold that a decision of the Appeals Council to deny review after refusing to consider new evidence is a part of the 'final decision' of the Commissioner subject to judicial review under sentence four of section 405(g)."   The court further found that "[w]e understand *Falge [v. Apfel,* 150 F.3d 1320 (11th Cir. 1998*)]* to hold that when a claimant challenges the administrative law judge's decision

5

to deny benefits, but not the decision of the Appeals Council to deny review of the administrative law judge, we need not consider evidence submitted to the Appeals Council."

Herein, the plaintiff challenges both the ALJ's decision and the decision of the Appeals Council denying review, after it considered the new evidence at issue. The Appeals Council will review an ALJ's decision only when it determines, after review of the entire record, including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. 20 C.F.R. § 404.970(b). The new evidence must relate to the period on or before the ALJ's hearing decision. *Id.* Herein, the Appeals Council reviewed this evidence and made it part of the record, but ultimately found no reason to review the ALJ's decision. (T - 3-6). The evidence at issue post-dates the ALJ's hearing in October 2008, and decision in that same month, as it consists of an opinion of plaintiff's residual functional capacity issued by treating physician Dr. Dewitt dated January 2009. There is no indication in the assessment that it relates back to the period under consideration by the ALJ, nor is there any indication as to why this assessment was not conducted or obtained until several months after the ALJ's decision, particularly when the record before the ALJ contained multiple sets of treatment notes from Dr. DeWitt's care of the plaintiff.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN FOURTEEN (14) DAYS of receipt thereof.

**SO RECOMMENDED**, this day of April, 2010.

**S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE**

asb

6